**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DIRECT GENERAL INSURANCE COMPANY, a corporation,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No:** |
| **JOHN PATE, an individual, JAZZMYN LA'NEA PATE, an individual, ASHLEY NGUYEN, an individual, NICHOLAS ELIJAH WATTS, an individual, JAWON RILEY JAMES, an individual, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation,** | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Direct General Insurance Company, (hereinafter "Direct") and in support of its Complaint for Declaratory Judgment shows unto the Court as follows:

1. Plaintiff, Direct is an Indiana corporation with its principal place of business in Indiana, and at all times material hereto, duly authorized to do business as an automobile insurer in the State of Alabama.

2. Defendant, John Pate, is an individual over the age of 19 and a resident of the State of Alabama.

3. Defendant, Jazzmyn La'Nae Pate (hereinafter "Pate"), is an individual over the age of 19 and a resident of the State of Alabama.

4. Defendant, Ashley Nguyen (hereinafter "Nguyen"), is an individual over the age of 19 and a resident of the State of Alabama.

5. Defendant, Nicholas Elijah Watts (hereinafter "Watts"), is an individual over the age of 19 and a resident of the State of Alabama.

6. Defendant, Jawon Riley James (hereinafter "James"), is an individual over the age of 19 and a resident of the State of Alabama.

7. Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), is an Illinois corporation with its principal place of business in Illinois.

8. There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, as set forth further herein below.

9. On or about August 20, 2025, Pate was involved in a four vehicle automobile accident in Mobile, Alabama. Nguyen, Watts and James were the drivers and owners of the other three vehicles involved in the accident. State Farm insured the Nguyen and James vehicles.

10. According to the Alabama Uniform Traffic Crash Report completed by the investigating Officer, all four vehicles were westbound on Spring Hill Avenue at the time of the accident with the James vehicle in the lead, followed by the Watts vehicle, followed by the Nguyen vehicle, followed by the Pate vehicle. According to the Officer's narrative description of the accident, the James, Watts, and Nguyen vehicles were all at a stop when Pate misjudged the stopping distance and struck the rear of the Nguyen vehicle, which caused it to strike the rear of the Watts vehicle, which caused it to strike the rear of the James vehicle.

11. Nguyen has filed suit against Pate in the Circuit Court of Mobile County, Alabama, CV-2025-902698 (hereinafter "the Nguyen Lawsuit"). Nguyen alleges that Pate's

negligent and/or wanton operation of her vehicle caused the subject accident, and Nguyen claims that she suffered bodily injury and other damages, and makes a demand for unquantified compensatory and punitive damages. A copy of the Nguyen Lawsuit is attached as Exhibit "A."

12. Direct is providing Pate with a defense in the Nguyen Lawsuit, subject to a reservation of rights.

13. Additionally, Watts has submitted a claim for bodily injury against Pate, which is not presently in suit, and it is conceivable that James may also submit a claim for bodily injury.

14. Further, State Farm, which insured the Nguyen and James vehicles has made a subrogation claim for property damage.

15. Direct issued an Alabama Personal Auto Policy to John Pate as the named insured, with effective dates of coverage from February 27, 2025 to February 27, 2026, Policy number 207415028. That Policy provided bodily injury liability coverage in the amount of $25,000.00 per person subject to a $50,000.00 aggregate limit per accident and $25,000.00 in property damage liability coverage. In addition to the Policy liability limits, Direct is funding the defense of Pate. A copy of the Policy is attached hereto as Exhibit "B."

16. Based upon information and belief, John Pate purchased the 2012 Hyundai Sonata being driven by Pate at the time of the accident as a gift for Pate, and it was titled in her name.

17. Further, based on information and belief, Pate was living with and a resident of John Pate's (her father's) residence prior to and at the time of the accident.

18. However, John Pate did not disclose to Direct the purchase of the Hyundai Sonata or the fact that Pate was a resident of his household prior to the accident. Accordingly, Pate was not listed as an insured driver, and the Hyundai Sonata was not listed as an insured auto on the Policy.

19. The Policy contains the following terms and conditions:

> **WARNINGS:**
> **UNDISCLOSED DRIVERS - If a person who resides with you or who is a regular operator of your covered auto(s) is not listed on your declarations page as a driver, coverage may not apply for that driver you did not disclose. If you want coverage to apply, you must ask us or your agent to add that person to your policy.**
>
> **DEFINITIONS**
>
> N. **"Family member"** means a person who is, at the time of the **accident** or **loss**:
> 1. Related to **you** by blood, marriage, or adoption and who **resides** in **your** household;
> 2. A ward, foster child, or stepchild who **resides** in **your** household;
> 3. **Your** unmarried, dependent children living temporarily away from home who intend to **reside** in **your** household.
>
> U. **"Non-covered person"** means:
> 1. Any or person age 15 years or older who **resides** in **your** household or is a **regular operator** who is not listed on **your** Policy as a driver at the time of application or within 7 days of becoming a resident of **your** household or **regular operator**.
>
> AA. **"Permissive driver"** means any person operating a **covered auto,** with, and within the scope of, **your** permission and such person does not meet the definition of a **non-covered person** or **undisclosed driver**.
>
> GG. **"Regular operator"** is someone who drives a **covered auto** at least once a week, or 2 days or more in a row, or at least 7 times over the 6 months immediately prior to an **accident** or **loss**.

II. **"Reside," "resides"** and **"residing"** mean to dwell within the household as the person's primary and legal domicile. Minor, dependent children whose parents are separated or divorced shall be deemed to **reside** in both parents' households.

NN. **"Undisclosed driver"** means a:
1. **Family member**;
2. Person who **resides** in **your** household; or
3. **Regular operator**;

who has a driver's license or permit but who is not listed on **your** Policy at the time of **your** application or in accordance with the Changes provision under Part E of this policy.

**PART A - LIABILITY COVERAGE**
**INSURING AGREEMENT**

A. Subject to the limit of liability shown on the **Declarations Page**, if **you** pay **us** the premium for Liability Coverage, **we** will pay damages for which an **insured** is legally liable due to **bodily injury** or **property damage** caused by an **accident** that arises out of the **ownership**, maintenance or use of an **auto** covered under this PART A. **We** will not pay damages for **bodily injury** or **property damage** caused by a **non-covered person**; nor will **we** defend or pay any cost of defense.
Damages include prejudgment interest awarded in a judgment against the **insured** subject to **our** limit of liability for this PART A.
Damages include **punitive or exemplary damages** only if awarded pursuant to the Alabama Wrongful Death Act, as amended, otherwise we will not pay for **punitive or exemplary damages**.
B. **We** will settle or defend, as **we** consider appropriate, any claim or suit asking for these damages. If **we** defend, **we** will choose the counsel of **our** choice, which may include an in-house counsel. In addition to **our** limit of liability, **we** will pay all defense costs **we** incur. **Our** duty to settle or defend ends when **our** limit of liability for this coverage has been exhausted by payment of judgments or by final settlement, or upon release or consent of the **insured**. **We** have no duty to:
1. Defend any suit;
2. Settle any claim; or
3. Pay any judgment;

for **bodily injury** or **property damage** not covered

under this Policy.
**ADDITIONAL DEFINITIONS FOR PART A - LIABILITY COVERAGE**
A. "**Insured**" as used in this PART A, means:
1. **You** and any **family member** who does not meet the definition of a **non-covered person** for:
a. Operation or use of any **auto** with the consent or permission from its **owner**; or
b. The **ownership,** maintenance, or use of a **covered auto**.
2. A **rated operator** for the ownership, maintenance, or use of a **covered auto.**
3. A **permissive driver** who does not meet the definition of a **non-covered person**.

**EXCLUSIONS**

A. **We** do not provide Liability Coverage for, nor have a duty to defend, for:

22. **Bodily injury** or **property damage** resulting from the use of any **auto** by:
a. An **undisclosed driver**; or
b. Any person with a revoked or suspended driver's license or permit.
If **we** are required by law to provide coverage under either of these circumstances, such coverage shall not exceed **minimum limits** and such coverage shall be excess over any other collectible insurance, self-insurance, or bond.

20. Based upon the foregoing terms and conditions of the Policy, Direct respectfully submits that it owes no duty to defend or indemnify Pate for the claims made the basis of the Nguyen lawsuit or any claims made by the other Defendants for bodily injury or property damage because John Pate, the named insured, failed to disclose the purchase of the subject vehicle, failed to add the subject vehicle as an insured vehicle to the Policy, failed to disclose Pate as a "regular operator" of the subject vehicle, and/or failed to disclose that Pate resided in his household.

21. Further, any claim for coverage is precluded by the "undisclosed driver" exclusion cited above.

22. There currently exists a justiciable controversy between the parties with respect to Direct's duty to defend and indemnify Pate with respect to the Nguyen lawsuit and the other claims for bodily injury and property damage arising out of the subject accident.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Direct General Insurance Company, prays that the Court will enter a declaratory judgment finding that Direct owes no duty to defend or indemnify Pate with respect to any claims arising out of the subject accident.

*/s/ C. Peter Bolvig, Esq.*
C. Peter Bolvig, Esq. (BOL008)
Attorney for Plaintiff, Direct General Insurance Company

**OF COUNSEL:**
Hall, Booth, Smith, P.C.
2001 Park Place, Suite 870
Birmingham, AL 35203
T: (205) 639-5302
Pbolvig@hallboothsmith.com

PLEASE SERVE DEFENDANTS VIA CERTIFED MAIL AS FOLLOWS:

John Pate
10201 School House Road
Grand Bay, AL 36541

Jazzmyn La'Nae Pate
5662 Orchard Lane W
Grand Bay, AL 36541

Ashley Nguyen
5468 Panorama Blvd
Mobile, AL 36609

Nicholas Elijah Watts
833 S University Blvd. Apt. 160
Mobile, AL 36609

Jawon Riley James
11565 Waterford Drive
Irvington, AL 36544

State Farm Mutual Automobile Insurance Company
One State Farm Plaza D-2
Bloomington, IL 61710